UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Alton Anthony Kelly,                    Case No. 16-33655-KLP
        Debtor.                              Chapter 7


Cynthia Y. Prosise,
        Plaintiff,

v.                                             Adv. Pro. No. 16-03330-KLP

Alton Anthony Kelly,
        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Alton Anthony Kelley (the "Debtor" or "Defendant") to dismiss this adversary proceeding (the "Motion"). The Debtor asserts that the Complaint must be dismissed because it was filed after expiration of the applicable deadline. A hearing on the Motion was held on January 11, 2017.

### I.   Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

### II.  Background

The Debtor filed his chapter 7 case on July 25, 2016. In the schedules filed in his case, the Debtor listed plaintiff Cynthia Y. Prosise ("Plaintiff" or "Prosise") as a nonpriority unsecured creditor with a judgment claim of $62,500. The debt was not listed as contingent, unliquidated or disputed.

On July 28, 2016, the clerk mailed the "Notice of Chapter 7 Bankruptcy Case - - No Proof of Claim Deadline" (Official Form 309A) (hereinafter referred to as "Form 309A") to all creditors, including Prosise, designating August 23, 2016, as the date for the meeting of creditors and designating October 24, 2016 as the final date to object to discharge or to challenge whether certain debts are dischargeable.[1]

On October 24, 2016, Prosise, acting *pro se*, caused a document (the "Initial Filing") to be filed in the Debtor's bankruptcy case. The Initial Filing, which was signed by Prosise and dated October 23, 2016, stated:

> Alton Kelly should not be allowed to file bankruptcy because he has been dishonest about his assets. Mr. Kelly has a company named All Remodeling that I made checks out to for an extensive remodeling job. Checks totaling $70,000 were made payable to Alton Kelly/All Remodeling.
>
> Mr. Kelly was paid $70,000 to renovate my grandmother's home that caught on fire. He did not complete the job, stole material and did not pay all of the subcontractors. I asked Mr. Kelly about the missing material, unpaid workers, and the unfinished job. He became very upset and verbally abusive. After unsuccessfully working with him, I sought legal help. He was asked to itemize his work material. He listed a ladder, saw, hammer and a drill. He did not mention the new truck. He did not mention the rest of the tools. I struggled financially to complete the house and pay the contractors. The mental stress became unbearable at times especially when I felt as if he was taunting me by continuously drive by my home in his new truck and parking down the street. From the legal proceeding, I also found out that he was misleading about the type of contracting license he had.

---

[1] This deadline was set pursuant to Rules 4004(a) and 4007(c) of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 4004(a) and 4007(c), which provide that a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c) or objecting to a debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors.

> I am disputing Alton Kelly's bankruptcy filing due to the nondisclosure of all his assets.

The Initial Filing was accompanied by no other document. Prosise did not pay a filing fee at the time she made the Initial Filing.

On November 3, 2016, Prosise caused additional documents to be filed in the Debtor's bankruptcy case (the "Second Filing" or the "Complaint"). These documents, including an Adversary Proceeding Cover Sheet (the "Cover Sheet"), were accompanied by the payment of a filing fee in the amount of $350, the required fee for the commencement of an adversary proceeding. The Cover Sheet was signed by Prosise and contained the following language in the space designated "Write a Brief Statement of Cause of Action, Including all U.S. Statutes Involved:"

> I Cynthia Prosise, would like the court to halt the proceeding of Mr. Kelly bankruptcy case # 16-33655 due to fraud. According to US Code 727(a)(2), 727(a)(3) Mr. Kelly took $70,000.00 to buy material after signing a contract, then walking off the job without returning the money. Mr. Kelly also gave me business cards. BBB statment saids that Mr. Kelly owe me $62,500.00. He acted dishonest look at US 523(a)(2), 523(a)(4) and Va. Code 43-13 Mr. Kelly did not know how to repair my house.

[sic]. In addition to the Cover Sheet, the Second Filing included 1) a document entitled "Arbitration Decision" that contained the factual findings and decision of an Arbitrator in connection with a complaint Prosise filed with the Dispute Resolution Center of the Better Business Bureau Foundation, 2) a copy of a contract proposal, and 3) copies of three checks

3

made out by Prosise that were payable to the Debtor in the total amount of $70,000.00.

### III. Discussion

The Debtor contends the Complaint must be dismissed, arguing that Prosise did not timely file her complaint objecting to the discharge of a debt until nine days following the deadline imposed by Rule 4004(a).[2] Prosise does not dispute that she received Form 309A prior to the expiration of the deadline and contends that the Initial Filing was sufficient to comply with the October 24, 2016, deadline. The Court must determine whether the Initial Filing timely commenced an adversary proceeding to contest the Debtor's discharge under § 727(a) and the dischargeability of his debt to Prosise pursuant to § 523(a)(2) or (4). If not, then the Court must decide whether the deadline may be equitably tolled.

#### a. Standard of Review

The sole basis for the Motion is that Prosise failed to timely commence her action. The Debtor does not contend that the Initial Filing was filed after the applicable deadline nor does he assert that the Initial Filing lacks sufficient factual allegations to state a claim for relief.[3] Nevertheless,

---

[2] The Motion miscalculates the lapse between the Plaintiff's filings, asserting that the filing was made nine days after the deadline, when actually the lapse was ten days. The Motion also neglects to acknowledge that the Plaintiff is asserting a request for denial of discharge pursuant to § 727(a) of the Bankruptcy Code in addition to objecting to the discharge of a debt.

[3] *See* Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6), made applicable pursuant to Rule 7012 of the Federal Rules of Bankruptcy, Fed. R.

4

implicit in the Debtor's position is the contention that in addition to the Plaintiff's failure to pay the filing fee and comply with certain local rules, the Initial Filing fails to meet federal pleadings requirements. Therefore, the Court will first determine whether the Plaintiff's pleadings are sufficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure[4] and the Supreme Court's holdings in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). If the Initial Filing is deficient, then the Court must consider the implications of the Second Filing and whether the Second Filing relates back to the Initial Filing.

Alternatively, the Court will consider whether the doctrine of equitable tolling applies in this case. If the Court were to determine that the deadline should be extended to the date of the Second Filing under equitable tolling principles, the relevant analysis would again focus on the sufficiency of the Second Filing[5].

### b.  The Initial Filing

The Initial Filing includes the Plaintiff's statement that the Debtor "should not be allowed to file bankruptcy because he has been dishonest about his assets" and the allegation that the Plaintiff paid the Debtor and his company $70,000 for "an extensive remodeling job." The Initial Filing also

---

Bankr. P. 7012. *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[4] Made applicable pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7008.
[5] The party asserting equitable tolling bears the burden of proving its applicability. *In re McConkey*, No. 08-25164-JS, 2011 WL 1436431, at *5 n.11 (Bankr. D. Md. April 14, 2011).

identifies specific assets that the Debtor failed to disclose and further alleges that the Debtor misrepresented the status of his contractor's license, stole materials, failed to pay subcontractors, and failed to complete a contract to repair fire damage to the Plaintiff's grandmother's home.

Rule 8 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 8, sets forth the general rules of pleading and the essential components of a complaint. Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal citations omitted). However, a complaint must contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Id.; see also Iqbal,* 556 U.S. at 678 (holding that a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly,* 550 U.S. at 557).

Although the Initial Filing does not identify the specific provisions of the Bankruptcy Code relied upon, it nevertheless serves notice that the Plaintiff is challenging the Debtor's entitlement to a discharge and disputing the dischargeability of her claim, in addition to outlining her reasons for doing so. Thus, the Initial Filing appears to satisfy Rule 8(a)(2)'s "fair notice" requirement as well as the requirement to raise a plausible claim for relief.

Despite the defects in form,[6] the Court finds that the Initial Filing satisfies the minimal requirements of Rule 8(a).[7]

The Debtor's primary assertion is that the Initial Filing is deficient because the Plaintiff did not at the time of filing pay the filing fee and file a cover sheet, as required by the local rules of this Court. Rule 7054-1(B) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia generally requires that costs due the Clerk in adversary proceedings be paid in advance.[8]  Local Bankruptcy Rule 7003-1 requires litigants, including *pro se* litigants, to file a properly completed adversary proceeding cover sheet at the time of filing an adversary proceeding.[9]  The Debtor contends that an adversary proceeding has not been commenced until these requirements have been satisfied.

---

[6] *See* Fed. R. Bankr. P. 7010.

[7] Federal Rule of Civil Procedure 8(d)(1), Fed. R. Civ. P. 8(d)(1) (made applicable pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7008), specifies that no technical form is required for a pleading.  Rule 8(e) provides that "[p]leadings must be construed so as to do justice."  Bankruptcy courts, similar to others, may afford some amount of discretion to *pro se* parties and construe allegations in a *pro se* complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Polidi v. Banno.*, No. 1:16-cv-1535, 2016 WL 8135476 (E.D. Va. Dec. 28, 2016) (citing *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016)); *Lisowski v. Davis (In re Davis)*, 312 B.R. 681 (Bankr. D. Nev. 2004); *Rupert v. Krautheimer (In re Krautheimer)*, 210 B.R. 37 (Bankr. S.D.N.Y. 1997).  *Cf. Dozier v. Parker,* 2009 WL 1147916, at * 4-5 (E.D. Va. 2009) (stressing need for *pro se* complaints to assert factual allegations and not simply conclusory opinions).

[8] 28 U.S.C. § 1914(c) provides that "[e]ach district court by rule or standing order may require advance payment of fees."

[9] *See also* Local Bankruptcy Rule 5005-1 (D)(2) ("Each complaint commencing an adversary proceeding must be accompanied by: (a) the proper filing fee and (b) a properly completed Adversary Proceeding Cover Sheet . . . .").

Rule 3 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 3,[10] provides that an action is "commenced by filing a complaint with the court." Rule 5(d)(2)(A) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 5(d)(2)(A),[11] states that a paper is "filed" by delivering it to the clerk. The Initial Filing was delivered to and accepted by the Clerk on October 24, 2016, the last day allowed for filing dischargeability complaints.[12] The Plaintiff's failure to pay the filing fee and provide the Cover Sheet at the time of filing, both of which were remedied within ten days, did not foster delay nor prejudice the Defendant. As such, these omissions did not affect the timeliness of the Initial Filing.[13]

    c.    **The Second Filing**

The Second Filing occurred on November 3, 2016, and was accompanied by payment of the adversary proceeding filing fee and a completed Cover Sheet. Prosise utilized the "fill in the blank" structure of the Cover Sheet to cure most of the defects in form contained in the Initial Filing, such as the caption and reference to the related case. The Second Filing identifies the statutes involved, the nature of the suit, includes a monetary

---

[10] Made applicable pursuant to Rule 7003 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7003.

[11] Made applicable pursuant to Rule 7005 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7005.

[12] Prior Local Bankruptcy Rule 5005-1(F), which required the Clerk's Office to reject filings not accompanied by the proper filing fee, was repealed before the filings in this case took place.

[13] *See Ecker v. Replogle (In re Replogle)*, 70 B.R. 444 (Bankr. D. Mont. 1987) (clerk's failure to file complaint submitted within the prescribed deadline because of noncompliance with local rules requiring payment of filing fee and submission of completed cover sheet did not render filing of dischargeability complaint untimely).

demand and was signed by the Plaintiff. The Second Filing includes a copy of an arbitration decision, a copy of the Defendant's contract proposal, and evidence of payment by the Plaintiff to the Defendant.[14] These documents provide more factual details and explicitly set forth the statutory basis for the Plaintiff's claims without altering the original claims set forth in the Initial Filing.

Rule 15(a)(1) of the Rules of Civil Procedure, Fed. R. Civ. P. 15,[15] permits a party to amend its pleadings once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or motion under Rule 12(b). The Second Filing occurred ten days after the Initial Filing and before the filing of the Motion. Therefore, no leave of court was required.

Rule 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim that arose out of the occurrence set out "or attempted to be set out" in the original pleading. The Fourth Circuit has articulated a two-prong analysis to determine whether an amendment relates back to the original pleading. The court must consider (1) whether there is a factual nexus between the amendment and the original complaint and (2) if there is some factual nexus, the amended claim is liberally construed to relate back to the original

---

[14] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c), made applicable by Fed. R. Bankr. P. 7010.

[15] Made applicable pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7015.

9

complaint if the defendant had notice of the claim and will not be prejudiced by the amendment. *Grattan v. Burnett,* 710 F.2d 160, 163 (4th Cir.1983), *aff'd on other grounds* 468 U.S. 42 (1984). *See also Tucker v. School Board,* No. 2:13cv530, 2014 WL 5529723, at * 1 (E.D. Va. Oct. 31, 2014). Applying the Fourth Circuit's analysis, the Second Filing relates back to the Initial Filing because 1) there is a factual nexus between the pleadings and 2) the Defendant has notice of the claims and is not prejudiced by the amendment.

The Ninth Circuit Bankruptcy Appellate Panel's decision in *Mission Viejo National Bank v. Englander (In re Englander)*, 92 B.R. 425 (B.A.P. 9th Cir. 1988), involved facts similar to those in this case. There, a creditor timely filed a complaint to determine the dischargeability of a debt but merely recited the applicable statute without alleging specific facts. The defendant filed a motion to dismiss pursuant to Rule 12(b)(6), alleging that the plaintiff had failed to state a claim. In response, and after the bar date, the creditor filed an amended complaint containing more factual allegations and a more specific claim for relief. The trial court dismissed the amended complaint for failure to state a claim upon which relief may be granted. The appellate court agreed that the initial complaint was deficient, but held that the amended complaint, which it deemed adequate, related back to the date of the original pleading because it was "sufficiently identifiable with the original claim since the clear subject of both complaints is the dischargeability of specific loans." *Id.* at 428. The court explained that its

10

ruling avoided the "harsh penalty of dismissal" while recognizing the "more liberal approach to pleading fraud in bankruptcy cases because of the short time frame in which such complaints must be filed." *Id*.

This Court concurs with the bankruptcy appellate panel's observation in *Englander* that dismissal is a "harsh penalty and lesser sanctions should be explored." *Id*. at 429 (citing *Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir.1988)). Similar to Englander, the Second Filing is sufficiently identifiable with the Initial Filing because the subject of both pleadings is the objection to the Debtor's discharge and the dischargeability of the debt owed to the Plaintiff. Accordingly, the Court finds that the Second Filing relates back to the Initial Filing and, to the extent that the Initial Filing may be considered deficient, cures any deficiencies relating to the substance of the Initial Filing.

### d. Equitable Tolling

The Court acknowledges that while the time limits set forth in the bankruptcy rules are generally subject to extension for "cause" when a request is made before the time has expired and for "excusable neglect" when the request is made after the time has expired,[16] the time limits for filing discharge or dischargeability complaints may be enlarged "only to the extent and under the conditions stated in" Bankruptcy Rules 4004(b) and 4007(c). Fed. R. Bankr. P. 9006(b)(3), Fed. R. Bankr. P. 9006(b)(3). *See Peyton v. Mohtasham (In re Ghanei)*, Adv. No. 04-1211, 2004 WL 3464153, at *3

---

[16] *See* Fed. R. Bankr. P. 9006(b)(1).

11

Case 16-03330-KLP  Doc 15  Filed 03/29/17  Entered 03/29/17 10:34:49  Desc Main
Document      Page 12 of 15

(Bankr. E.D. Va. 2005). Fed. R. Bankr. P. 4004(b) and 4007(c) allow the time limit for filing dischargeability complaints to be extended "for cause" but only if an extension motion is filed "before the time has expired." 2004 WL 3464153, at *2. Prosise did not request an extension of time to file a complaint under §§ 523(a) and 727(a), and the Court cannot retroactively extend the deadline for excusable neglect. *Id.*

The Court may, however, consider the appropriateness of applying equitable tolling to extend the time period to bring a dischargeability complaint.[17] In *In re Ghanei*, Judge Mitchell examined the circumstances and cases in which equitable tolling has been applied to avoid dismissal based on a party's failure to timely assert its claim. Judge Mitchell prefaced his analysis by observing that the time limits imposed by Bankruptcy Rules 4004(a) and 4007(c) are not jurisdictional and thus are subject to equitable tolling. *Id.* at *2 (citing *Young v. United States,* 535 U.S. 43, 49 (2002), for the proposition that "the application of equitable tolling in bankruptcy proceedings is particularly appropriate since bankruptcy courts are courts of equity and apply the principles and rules of equity jurisprudence.")

Judge Mitchell pointed to the five-factor test adopted by the Sixth Circuit in *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir. 2003),

---

[17] In *Farouki v. Emirates Bank Int'l, Ltd.* 14 F.3d 244 (4th Cir. 1994), the Fourth Circuit stated that "[r]ule 4004(a) does not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases." *Id.* at 248. Other courts have applied this analysis to Rule 4007(c). *See In re Paterno*, Adv. Pro. No. 15-9008, 2015 WL 5578620 (Bankr. M.D.N.C. 2015).
.

12

requiring courts considering equitable tolling to determine: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id*. at 344. Another case noted by Judge Mitchell suggests that equitable tolling may occur when the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *In re Rowland*, 275 B.R. 209, 216 (Bankr. E.D. Pa. 2002).

More pertinent to the instant case, the Supreme Court has indicated that equitable tolling may apply where the claimant has actively pursued his legal remedies but filed a defective pleading.

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) (footnotes omitted). Though the circumstances in which the application of equitable tolling are limited, the case law reflects that its use has generally been extended to instances where a party's failures cannot be attributed to its own

13

dilatoriness.[18]

As an alternative basis for denying the Motion, the Court finds that Prosise actively pursued her appropriate judicial remedies during the statutory period. The Court further finds that even if the Prosise filed a defective pleading in the form of the Initial Filing, the Debtor has not been prejudiced by the ten day delay between the Initial Filing and the Second Filing. For that reason, the Court would apply equitable tolling to extend the deadline to file a complaint pursuant to §§ 727(a) and 523(c) until the date of the Second Filing.

## Conclusion

For the foregoing reasons, the Motion is denied. The Court finds that the Initial Filing satisfies the pleading requirements of Fed. R. Bankr. P. 7008(a) and was filed with the Clerk's Office within the deadlines set forth in Fed. R. Bankr. P. 4004(a) and 4007(c). The Court further finds that the Second Filing relates back to the Initial Filing under Fed. R. Bankr. P. 7015(c). Alternatively, the Court finds that equitable tolling applies to extend the deadline for filing a complaint objecting to the Debtor's discharge or to the dischargeability of a debt until November 3, 2016, the date of the Second Filing.

---

[18] More recently, the Bankruptcy Court for the Middle District of North Carolina declined to invoke equitable tolling when a creditor failed to timely file a dischargeability complaint in a Chapter 11 case, noting that the creditor neglected to avail itself of numerous possible avenues to pursue its legal remedies prior to the discharge. *In re Paterno*, Adv. Pro. No. 15-9008, 2015 WL 5578620, at *5 (Bankr. M.D.N.C. 2015)

A separate order shall issue.

Dated: March 29, 2017

/s/ Keith L. Phillips
United States Bankruptcy Judge

Entered on Docket: March 29, 2017

Copies:

Alton Anthony Kelly
4808 Annlyn Drive
Sandston, VA 23150

Laura Taylor Alridge
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588

Christopher John Flynn
Boleman Law Firm
P.O. Box 11588
Richmond, VA 2323

Bruce E. Robinson
P.O. Box 538
South Hill, VA 23970-0538